UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Crim. Case No. 18-20284

v.

Paul D. Borman
United States District Judge

DANIEL ALVINO VASQUEZ,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S
MOTION TO QUASH SEARCH WARRANT

On July 13, 2018, Defendant Daniel Alvino Vasquez filed a Motion to Quash the Search Warrant and Suppress the Evidence Seized.

On April 26, 2018, Defendant Daniel Albino Vasquez was charged in a six-count indictment, with five counts of Possession with Intent to Distribute Controlled Substances (Oxycodone), 21 U.S.C. §841(a)(1), and one count of Unlawful Distribution of Controlled Substances (Oxycodone), 21 U.S.C. §841(a)(1). The indictment also contained a Forfeiture Allegation, 21 U.S.C. §853.

The indictment alleged that the State of Michigan's Automated Presumption System (MAPS) requires pharmacies to report on a daily basis all controlled substance prescriptions filled at their pharmacy including patient information, the name, strength and quantity of the controlled substance. The indictment further alleges that from November 2012-November 2017, Defendant filled prescriptions on a monthly basis for 1500 oxycodone 30mg pills, totaling over 90,000 oxycodone pills; that between January 2014 to July 2017, Defendant deposited over $400,000 cash into multiple bank accounts; and that in November 2017, less than 30 days after filling a prescription for 1500 oxycodone 30mg pills, Vasquez tested negative for oxycodone.

On September 28, 2018, the Court held a hearing on Defendant's Motion to Suppress. Specifically, the Defendant sought to challenge the validity of the search warrant to take a blood sample from him.

At the conclusion of the hearing, the Court took the matter under advisement, and then provided the parties with an opportunity to file a supplemental memorandum within the next three weeks to supplement their argument. Neither party provided a supplemental memorandum or supplemental authority.

The legal issue focuses on whether the affidavit for the search warrant provided probable cause to support the blood draw search. Specifically, the Government sought the blood draw to establish a negative – that the Defendant did not have any drugs in his system, and therefore, he was not taking the drugs he purchased per multiple prescriptions, but instead, was illegally distributing the drugs.

Defendant contends that the affidavit lacks the required probable cause to support the issuance by a Magistrate Judge of the search warrant to take Defendant's blood. Defendant contends that the Government's presentation to the Magistrate Judge of his doctor's (Dr. Kenneth Richter) prescription record for him, *inter alia*, did not establish probable cause to take the blood draw, the results of which provide significant evidence for the government's case.

The Assistant United States Attorney (AUSA) stated that the purpose of the blood draw was to determine how much oxycodone Defendant Vasquez was ingesting, if any, and that if he was not ingesting oxycodone, then that oxycodone was being improperly diverted into the community.

The AUSA then proceeded to highlight the critical provisions contained in the affidavit of DEA Special Agent Keith McGreery that was provided to Magistrate Judge David Grand:

¶ 5 speaks to Agent McGreery's experience and training investigating drug diversion for illicit purposes, and his awareness of prescribing patterns by physicians that are outside the course of legitimate medical practice and pharmacies dispensing these substances outside legitimate pharmacy practice.

¶ 11 speaks to Oxycontine/Oxycodone, the opiod involved in this case.

¶ 14 speaks to his investigation and other drug diversion conspiracies in the greater Detroit area diverting oxycodone for illegal sale.

¶ 16 speaks to his knowledge of the MAPS report that Defendant has been receiving 1500 oxycodone tablets per month for over one year.

¶ 18 speaks to his knowledge that Dr. Kenneth Richter has been prescribing Defendant excess quantities of oxycodone and hydracodone starting in 2010 and continuing to the present.

¶ 19 speaks of his knowledge that J.S., a patient of Dr. Richter filed a complaint with the FBI that as a 10 year patient of Dr. Richter, he/she had become addicted to pain medication that he confirmed in a May 2017 interview with J.S. – prescriptions for Fentanyl and Oxycodone 30mg.

¶ 21 sets forth a chart listing the quantities of oxycodone and hydracodone prescribed to and filled by Defendant.

¶ 22 speaks of Defendant continuously receiving prescriptions for a 30 day supply of 1500 tablets of Oxycodone, most recently, as set forth in ¶ 27, a 30 day prescription for 1500 30 mg Oxycodone tablets on October 18, 2017, and in ¶ 28 stating that if Defendant

4

were taking those excessive amounts, it would create an extremely dangerous situation given the Milligram Morphine Equivalents standard as noted in ¶ 24.

¶ 28 states there is probable cause to believe, based on these excessive quantities of narcotics that Defendant is diverting at least a portion of the 1500 oxycodone MG tablets he receives and that a blood draw can determine and establish this.

¶ 29 speaks to corroborative surveillance at Defendant's home, seeing him drive to a location where a female, surname Peck, exited her car and entered Defendant's car, and then leave. Her car was stopped and police seized 8 oxycodone 30 mg tablets from her purse.

¶ 31 sets forth that the FBI executed search warrants for pings and text messages on Defendant's phone, and confirmed that Peck was indeed purchasing these pills from Defendant on July 27, 2017, and in ¶ 32, further contact between the two on August 4, 5, and 6, 2017 regarding payment to Defendant for his drug sales to her.

This Court concludes that this affidavit clearly establishes probable cause supporting Magistrate Grand's issuance of the search warrant on November 10, 2017 for a blood draw of Defendant Daniel Albino Vasquez.

Accordingly, the Court denies Defendant's Motion to Suppress the evidence seized pursuant to the blood draw.

The Court notes that the Supreme Court requires deference to the decision of the Magistrate Judge with the key question, whether the evidence reviewed as a whole provided a substantial basis for the magistrate's finding of probable cause.

*Massachusetts v. Upton*, 466 U.S. 727 (1984), applying the holding in *Illinois v. Gates*, 213 (1983).

Finally, even if there was not sufficient evidence to establish probable cause, the Court finds that the FBI reasonably relied upon the search warrant to come under the "good faith" exception to the exclusionary rule set forth in *United States v. Leon*, 428 U.S. 465 (1976).

Accordingly the Court DENIES Defendant's Motion to Suppress the blood draw evidence seized pursuant to the search warrant.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 13, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 13, 2018.

s/Deborah Tofil
Case Manager