UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff,

v.       Case No. 18-cr-20284
    District Judge Paul D. Borman

DANIEL VASQUEZ,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION, PURSUANT TO 18 U.S.C. § 3582(c)(1)(A), FOR COMPASSIONATE RELEASE, SUBJECT TO A PRE-RELEASE 14-DAY QUARANTINE, AND THEREAFTER, SUBJECT TO HIS ORIGINAL SENTENCE OF THREE-YEARS SUPERVISED RELEASE**

On July 7, 2020, Defendant Daniel Vasquez filed a *Pro Se* request for compassionate release. (ECF No. 49.) The Court granted his request to appoint counsel. On November 23, 2020, his counsel filed a Supplemental Brief in Support of Request for Compassionate Release. (ECF No. 52.) On December 3, 2020, the Government filed a Response in Opposition. (ECF No. 54.) On December 12, 2020, Defendant filed a Reply. (ECF No. 55.)

## DISCUSSION

The parties agree that Defendant has exhausted his administrative rights within the Bureau of Prisons and has been denied release by the BOP.

The parties also agree that Defendant Daniel Vasquez is 63 years old and suffers from multiple medical conditions: Type II Diabetes, for which he receives

1

daily insulin injections; hypertension (high blood pressure), for which he receives medication; sleep apnea, for which he uses a CPAP machine; and obesity (BMI of 35). (Government Response in Opposition, ECF No. 43, PageID 308.) The Court notes that his Presentence Report in 2019, ¶ 44, page 10, listed as serious medical conditions: Diabetes, sleep apnea, and finger, shoulder and knee surgeries.

There are now 29 cases of COVID-19 positive inmates at FCI-Hazelton (West Virginia). Defendant is incarcerated at FCI-Hazelton satellite camp, but is a transfer shuttle driver of prisoners between the units, and to airports and bus stations, and is in contact with many prisoners. (Defendant's Supplemental Brief, ECF No. 52, PageID 246-249.)

Defendant has a release plan--to live with his family in Waterford, MI.

Defendant was released on bond during these criminal proceedings with no violations, and was permitted to report to prison when designated.

 He began serving his sentence on July 7, 2019. His release date is in two years, December 28, 2022. Defendant has been incarcerated for 17 months--over 35 percent of his 49-month sentence. (Government Response, ECF No. 54, PageID 306.)

Defendant is a first-time offender. Although his offense of conviction was not a crime of violence, it was a very serious offense--distribution (sale) of 28,000 Oxycodone pills over a period of five years. Indeed, because of the seriousness of

his offense, his advisory Sentencing Guideline range was 70-87 months.

Defendant's BOP medical records (ECF No. 53-1) confirm his medical conditions:

(1) Insulin, for which he requires injections. (*Id*. at PageID 295.)

(2) Hypertension. (*Id*. at PageID 298.)

The BOP recognizes that Defendant is a minimum risk for recidivism. (*Id*. at PageID 277.) Defendant has successfully completed many BOP educational courses. (*Id*. at PageID 282.)

## CONCLUSION

The Government recognizes Defendant's "heightened risk from COVID-19 based on his current medical condition qualifies as an 'extraordinary and compelling reason' for compassionate release," but concludes that "he is still a danger to the community and the 3553(a) factors do not warrant a reduction in his sentence." (ECF No. 54, PageID 310.)

The Court concurs with the Government that his medical condition qualifies as an extraordinary and compelling reason supporting compassionate release. The Court does not concur with the Government that, if released, he presents a danger to the community.

The Court notes that, although the instant offense did not involve any firearms or physical acts of violence, Defendant's "conduct had a significant and devastating impact on our community." (*Id.* at PageID 315.)

On the other hand, the Court, after considering its § 3553(a) factors, concludes that compassionate release is warranted because it finds that after serving over 35 percent of his sentence, and given his age and serious medical conditions, Defendant would not be a danger to the community if granted compassionate release under conditions of supervised release.

Discussing the specific 3553(a) factors, the Court finds that:

(1) The nature and circumstances of this offense were very serious; the Defendant's history and characteristics establish no prior convictions.

(2) There was a need for the sentence of incarceration imposed to reflect the seriousness of the offense, to promote respect for the law and provide just punishment. The Court believes that given his service of more than one-third of his sentence, and recognizing a significant number of COVID-19 positives at FCI-Hazelton, compassionate release at this point does not undermine respect for the law, and would still deter criminal conduct of this type. Finally, the Court believes that his sentence already served, plus his record of completing BOP rehabilitative classes, his designation as a shuttle driver, his BOP low recidivism risk, and his plan for release, combined with three years of supervised release, establish that there is no longer a need for further incarceration to protect the public from Defendant on release.

Accordingly, this Court GRANTS Defendant's Motion for Compassionate Release to time served, subjects him to a 14-day quarantine before release and,

thereafter, to the three-year period of supervised release imposed at his original sentencing.

    SO ORDERED.

DATED:  December 22, 2020        s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE